IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARLES LEE GRABLE, <br> (TDCJ-CID #839605) <br><br> Petitioner, <br><br> VS. <br><br> RICK THALER, <br><br> Respondent. | § § § § § § § § § § | <br><br><br><br><br> CIVIL ACTION NO. H-99-0258 |

## ORDER

On August 24, 2000, this court granted the respondent's motion for summary judgment. (Docket Entry No. 38). In his original federal petition, Grable contended that the prosecutor threatened to indict him with additional charges for family violence and assault and to charge his wife. Grable asserted that although he did not commit the charged offense of indecency with a child, he pleaded guilty to avoid the additional charges against himself and his wife. This court found that Grable entered his guilty plea voluntarily and that his claim for habeas relief based on the prosecutor's statements during plea negotiations lacked merit.

On January 15, 2013, this court denied Grable's motion for reconsideration. (Docket Entry No. 139). Grable filed a Notice of Appeal on March 6, 2013. (Docket Entry No. 142). The Fifth Circuit remanded the case for this court to determine the timeliness of the notice of appeal. (Docket Entry No. 145). The final day for filing a timely notice of appeal was February 14, 2013, but in the notice of appeal, Grable stated that he did not receive the order denying his motion for reconsideration until March 1, 2013. The statement was treated as a timely motion for finding

excusable neglect or good cause for filing the notice of appeal late. The Fifth Circuit remanded for the findings to decide the issue. (Docket Entry No. 145).

On May 14, 2013, this court ordered the mail-room supervisor of the Diboll Unit of the Texas Department of Criminal Justice - Correctional Institutions Division to complete and execute an affidavit and submit the pages of the legal mail log showing the correspondence. On May 28, 2013, this court received an affidavit of Felicia Alvarez, the mail-room supervisor of the Diboll Unit, with six pages of the mail log. (Docket Entry No. 147). The log shows that the clerk of court sent Grable a copy of the docket sheet on February 14, 2013. (Docket Entry No. 140). Grable received the docket sheet on February 20, 2013. (Docket Entry No. 147, p. 10). In a letter dated February 20, 2013, Grable stated that he realized when he saw the docket sheet that he had not received a copy of the court order entered on January 15, 2013. (Docket Entry No. 141). On February 25, 2013, the court had the clerk send Grable a copy of the docket sheet and a copy of the January 15, 2013 order. The prison mail log showed that on March 1, 2013, Grable received correspondence from the United States District Court Clerk's Office. (Docket Entry No. 147, p. 11). Grable filed his notice of appeal on March 1, 2013, the date he received a copy of that order from this court. (Docket Entry No. 142).

From the records, the court determines that Grable has shown good cause for filing his notice of appeal late. Grable's constructive motion for finding excusable neglect or good cause for filing the notice of appeal late, (Docket Entry No. 142), is granted.

SIGNED on June 3, 2013, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge